NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1008
_____

UNITED STATES OF AMERICA

v.

LEMUEL BARR
a/k/a PHILLY
a/k/a PUMPKIN
a/k/a SHAFIQ
a/k/a GEEZ,

Lemuel Barr, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00529-001)
District Judge:  The Honorable Michael M. Baylson

Submitted Under Third Circuit L.A.R. 34.1(a)
November 18, 2011

BEFORE:  RENDELL, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: November 28, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Lemuel Barr appeals his judgment of sentence after pleading guilty to conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2, and carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). His counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has filed a brief. Barr has not submitted a brief pro se. Because the issues presented in this appeal lack legal merit, we will affirm the judgment of the District Court and will grant counsel's motion to withdraw.

I.

Inasmuch as we write for the parties, we provide only a brief recitation of the facts of this case and its procedural history. Barr and three co-conspirators robbed a Philadelphia, Pennsylvania bank at gunpoint on December 22, 2006. Barr and co-conspirator Raheen Mercer robbed the bank, making off with approximately nine thousand dollars. The third co-conspirator, Jeremy Drake, drove the get-away vehicle. A dye-pack exploded, tainting the proceeds of the robbery.

An ensuing investigation quickly led authorities to Barr, who admitted his involvement in the crime, including his involvement in the planning and execution of the robbery as well as his use of a firearm in its commission. Barr pleaded guilty to all three counts of the indictment. The District Court conducted a thorough colloquy to ensure Barr's plea was knowing and voluntary. Barr was sentenced to 240 months

2

imprisonment. The District Court applied an upward variance, finding "particularly aggravating factors" in Barr's actions.

## II.

We exercise plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 82-83 & n.6 (1988). When counsel files a motion under *Anders*, we must determine first, "whether counsel adequately fulfilled [Third Circuit Rule 109.2(a)]'s requirements," and second, "whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2011).

To satisfy the first requirement, appointed counsel must file a motion to withdraw and support it with a belief that "satisfies the Court that counsel has thoroughly examined the record in search of appealable issues and . . . explain[s] why the issues are frivolous." *Id*. at 300. Counsel must "refer [ ] to anything in the record that might arguably support the appeal," *Anders* 386 U.S. at 744, but "need not raise and reject every possible claim." *Youla*, 241 F.3d at 300. "[A]t a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id*.

Here, we are satisfied that Barr's counsel, Warren R. Hamilton, Esq., has examined the record for appealable issues and has explained why none have merit. Moreover, counsel highlights two issues that could potentially form the basis for an appeal: first, whether Barr's guilty plea was knowing and voluntary, and second, whether the District Court's sentence was unreasonable. As to the first possible issue, Barr's guilty plea was entered into knowingly and voluntarily. The District Court conducted a thorough and extensive colloquy with Barr. The record reveals Barr's acknowledgement

3

that he was not under the influence of drugs or alcohol, that he was satisfied with his attorney and had discussed his case with counsel. Barr further indicated that he understood the charges against him and what rights he was waiving by pleading guilty.

Second, Barr's sentence was procedurally and substantively reasonable. The District Court followed the three-step process we endorsed in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) and gave "rational and meaningful consideration [to] the factors enumerated in 18 U.S.C. § 3553(a)" as we required in *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

### III.

We conclude that counsel has met the requirements of *Anders*, and our own independent review of the record reveals no nonfrivolous grounds for appeal. Therefore, we will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the United States Supreme Court. *See* Third Circuit L.A.R. 109(2)(b).